# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

CHARLES RAY CATHY,

    Plaintiff,

v.

R. KUZMICZ, et al.,

    Defendants.

Case No. 19-cv-05932-PJH

**ORDER OF SERVICE**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff describes many instances of interference with his legal mail and legal publications. He seeks money damages.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55.

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407

2

(1989)).  A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).  The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners.  *See Thornburgh*, 490 U.S. at 413.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).  But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence."  *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017).  *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government).  A plaintiff need not allege a longstanding practice of having his mail opened outside his presence in order to state a claim for relief.  *Hayes*, 849 F.3d at 1218 (allegation that protected mail was opened outside plaintiff's presence on two separate occasions sufficient to state First Amendment claim).

"Legal mail" may not be read or copied without the prisoner's permission.  *See Casey v. Lewis*, 43 F.3d 1261, 1269 (9th Cir. 1994), *rev'd on other grounds*, 518 U.S. 343 (1996).  The Ninth Circuit has emphasized that there is a clear difference between *inspecting* outgoing legal mail for contraband and *reading* it under *Wolff*, 418 U.S. 539 at 577, such that prison officials may not circumvent this prohibition by reading an inmate's outgoing legal mail in his presence because this practice does not ameliorate the chilling effect on the inmate's Sixth Amendment rights.  *See Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014) (*Nordstrom I*) (reversing district court's dismissal of the complaint for failure to state a claim after finding complaint stated a cognizable 6th Amendment claim

3

based on prisoner's allegations that prison officials read his legal mail, that they claimed entitlement to do so, and his right to private consultation with counsel was chilled); *Nordstrom v. Ryan*, 856 F.3d 1265, 1272 (9th Cir. 2017) (*Nordstrom II*) (on appeal after remand of *Nordstrom I*, holding that prison policy requiring officials to confirm that outgoing letters qualified as legal mail failed to meet standard that officials may inspect but not read outgoing legal mail). But again, prison officials may establish that legitimate penological interests justify the policy or practice. *See O'Keefe*, 82 F.3d at 327.

The deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation, however. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance).

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (citing *Turner*, 482 U.S. at 89). The test is the same regardless of whether inmates solicit the communication from the publisher, or the publisher distributes a publication to inmates who have not requested it. *Crime & Justice America v. Honea*, 876 F.3d 966, 975 (9th Cir. 2017).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he

4

was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

**Legal Box**

Plaintiff was mailed a box of legal documents that were improperly returned to the sender. He notified defendants Kuzmicz, Thompson, Reynolds, Osborne, Love and Villarreal who stated that the box was improperly returned to sender and it should be resent. However, plaintiff never obtained this box of legal documents that contained his transcripts, appeal documents and other items to continue his appeal efforts. Plaintiff states his conviction was 16 years ago. Liberally construed this is sufficient to state a claim against these defendants.

**Legal Mail**

Plaintiff next argues that he was not allowed to be present when legal items were sent to him and examined by defendants. On March 12, 2018, plaintiff received a letter from the National Legal Professional Associates, Margaret A. Robinson Advocacy Center, that was properly marked as legal mail and opened in his presence. On April 19, 2018, he received another letter from the same center that was marked as not meeting the criteria for confidential mail and was not opened in his presence. Plaintiff notified defendants Reynolds and Kuzmicz of this error, but they were not responsive. This is sufficient to state a claim against Reynolds and Kuzmicz. The other defendants for this claim are dismissed with prejudice because plaintiff has failed to identify their specific actions or how they are associated with the claim and he was already provided leave to amend to address these deficiencies.

5

**Legal Publications**

Plaintiff states he was unable to receive issues of Prison Legal News and Human Rights Defense. He states that defendants Hood, Hallock, Villareal, Parry and Short knew the publications should be delivered but failed to do so. This is sufficient to state a claim against these defendants.

**Retaliation**

Plaintiff next alleges that defendants Kuzmicz and Thompson would come to the yard and intimidate plaintiff for filing appeals regarding his mail and have him patted down by yard officers. He also states on a separate occasion he sent a legal letter with postage, but the letter was returned to him with the postage ripped off, and a defendant stated plaintiff could not send a letter with a used stamp. Plaintiff states that it was not a used stamp and the stamp was ripped off in retaliation for his protected conduct. Liberally construed this is sufficient to proceed against these defendants.

**CONCLUSION**

1. All defendants are dismissed with prejudice except for Kuzmicz, Thompson, Reynolds, Love, Hallock, Parry, Short, Osborne, Villarreal and Hood. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 6) with attachments and copies of this order on the following defendants at Pelican Bay State Prison: Mailroom Supervisor R. Kuzmicz; Mailroom Official M. Thompson; Prison Litigation Official W. Reynolds; Mailroom Procurement and Service Official K. Love; Mailroom Officials L. Hallock, C. Parry, D. Short; Correctional Administrator K. Osborne; Mailroom Procurement and Service Official Villarreal; and Mailroom Official K. Hood.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports

6

stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

      b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d. If defendant wishes to file a reply brief, she shall do so no later than fifteen days after the opposition is served upon her.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

7

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 6, 2020

*/s/ Phyllis J. Hamilton*

PHYLLIS J. HAMILTON
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.