UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES RAY CATHY,<br>    Plaintiff,<br>        v.<br>R. KUZMICZ, et al.,<br>    Defendants. | Case No. 19-cv-05932-PJH<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 24, 36, 44 |

This is a civil rights case brought pro se by a state prisoner under 42 U.S.C. § 1983. His claims arise from his detention in Pelican Bay State Prison ("PBSP"). Plaintiff alleges several instances of interference with his legal mail and legal publications and retaliation for the filing of grievances. Defendants filed a motion for summary judgment on the grounds that plaintiff failed to administratively exhaust two of his claims and defendants filed a motion to dismiss the two remaining claims. Plaintiff filed an opposition[1] and defendants filed a reply. For the reasons set forth below, the motions are granted.

**BACKGROUND**

This action continues on the amended complaint. Docket No. 6. Plaintiff presents four claims against the defendants. Plaintiff alleges that:

1. Defendants Kuzmicz, Thompson, Reynolds, Osborne, Love and Villarreal improperly returned a box of legal documents from his attorney and plaintiff

---

[1] Plaintiff did not file a formal opposition with the court, but he did send an opposition to defendants. Defendants have provided a copy of the opposition to the court, which the court has reviewed. Docket No. 33, Ex. A.

     never received it.

2. Legal mail from the National Legal Professional Associates, Margaret A. Robinson Advocacy Center was not opened in his presence and defendants Reynolds and Kuzmicz were made aware of this violation but were not responsive.

3. He was unable to receive issues of Prison Legal News and Human Rights Defense, and defendants Hood, Hallock, Villareal, Parry and Short knew the publications should be delivered but failed to do so.

4. Defendants Kuzmicz and Thompson came to the yard to intimidate plaintiff for filing appeals regarding his mail and had him patted down by yard officers. He also states on a separate occasion he sent a legal letter with postage, but the letter was returned to him with the postage ripped off, and a defendant stated plaintiff could not send a letter with a used stamp. Plaintiff states that it was not a used stamp and the stamp was ripped off in retaliation for his protected conduct.

Defendants argue that plaintiff failed to exhaust his administrative remedies for claim two regarding his legal mail and claim four regarding retaliation. Defendants concede that plaintiff's first and third claim were properly exhausted but argue that they fail to state a claim for relief.

## MOTION FOR SUMMARY JUDGMENT

**LEGAL STANDARD**

"The PLRA [Prison Litigation Reform Act] mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

2

*Id.* at 1168.  The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust.  *Id.* at 1172.  If the defendant meets that burden, the burden shifts to the prisoner to present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.  *Id.*  The ultimate burden of proof remains with the defendant, however.  *Id.*  If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.  *Id.* at 1166.  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.*

The California Department of Corrections and Rehabilitation ("CDCR") provides any inmate under its jurisdiction the right to appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (repealed eff. June 1, 2020).[2]  To initiate an appeal, also referred to as a grievance, the inmate or parolee must submit a CDCR Form 602 describing the issue to be appealed to the appeals coordinator's office at the institution for receipt and processing.  *Id.* § 3084.2(a)-(c).  The appeal must name "all staff member(s) involved" and "describe their involvement in the issue."  *Id.* § 3084.2(a)(3).  The CDCR appeal process consists of three formal levels of appeals: (1) first formal-level appeal filed with one of the institution's appeal coordinators, (2) second formal-level appeal filed with the institution head or designee, and (3) third formal-level appeal filed with the CDCR director or designee.  *Id.* §§ 3084.7, 3084.8.  A prisoner

---

[2] The regulations that set out the features of the administrative remedies process for California prisoners underwent a substantial restructuring earlier this year.  On March 25, 2020, and effective June 1, 2020, California Code of Regulations Title 15, sections 3084 through 3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487.  All the citations in this order to California regulations are to the regulations in place during the relevant time period for this action, rather than to the current regulations.

exhausts the appeal process when he completes the third level of review. *Id*. § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010). A "cancellation or rejection" of an appeal "does not exhaust administrative remedies." Cal. Code Regs., tit. 15, § 3084.1(b).

**Facts**

The following facts are undisputed except where indicated otherwise:

Plaintiff states that he exhausted his administrate remedies for all claims by submitting grievance PBSP-18-00553 and PBSP-18-02607. Amended Complaint ("Am. Comp.") at 1-2. In grievance PBSP-18-00553, plaintiff stated that defendants improperly censored his subscriptions to several legal publications. *Id*. at 29-31. In grievance PBSP-18-02607, plaintiff stated that defendants improperly returned a box of legal materials to plaintiff's attorney. *Id*. at 16-18.

During his time at PBSP, plaintiff initiated over 23 grievances and exhausted them to the final level of review. Motion for Summary Judgment ("MSJ"), Mosley Decl. ¶¶ 6-7, Ex. 1; Beasley Decl. ¶ 13, Ex. A. None of plaintiff's grievances related to his claims that defendants improperly opened his mail from the Margaret A. Robinson Advocacy Center or that defendants retaliated against him by having him patted down by yard officers or removing postage. Mosley Decl. ¶¶ 9-12; Beasley Decl. ¶¶ 16-19.

**Analysis**

Plaintiff does not dispute the above facts. He argues that grievance PBSP-18-02607 exhausted all of his claims regarding incoming legal mail. Docket No. 33, Ex. A at 9. Even viewing the evidence in a light most favorable to plaintiff, defendants are entitled to summary judgment.

In *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id*. at 1120. In *Griffin*, the plaintiff failed to mention in his grievance that the remedy to his problem, which had been ordered by a prison nurse, had been ignored by the prison staff. *Id*. at 1118-19. As a result, the prison

4

officials who were aware of the nurse's order reasonably believed that the order had solved the problem.  In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem."  *Id.* at 1121.

Similar to *Griffin*, grievance PBSP-18-02607 failed to properly alert prison officials that legal mail from the National Legal Professional Associates, Margaret A. Robinson Advocacy Center was not opened in his presence or that plaintiff was subject to retaliation for his protected conduct.  As noted above, the grievance discussed the return of a box from his attorney containing legal materials.  Simply that plaintiff also stated generally his legal mail was being excluded, before specifically discussing the box of legal materials is insufficient.  Nor did plaintiff mention any retaliation.  Plaintiff failed to properly alert prison officials to the nature of his grievance.  It would be difficult for prison officials to determine from this appeal that there were other specific instances of legal mail improprieties or that plaintiff was subject to retaliation.  Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief.  *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault).  This grievance failed to exhaust these claims.

Plaintiff also argues that he provided prison officials enough information regarding these claims through inmate request forms and complaints and letters to the warden.  Docket No. 33 at 9.  Plaintiff fails to provide any more information, yet even assuming he submitted these filings to the prison he still failed to exhaust administrative remedies.  The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.  *Woodford*, 548 U.S. at 93.  This requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative

grievance or appeal." *Id.* at 83-84. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *See id.* at 87; *see also Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals in the place, and at the time, the prison's administrative rules require). Thus, the submitting of letters and inmate request forms failed to properly exhaust these claims. It is also undisputed that plaintiff has a great deal of experience with the inmate grievance system and properly exhausted two other claims in this action as well as many other grievances. Defendants' motion for summary judgment is granted and these claims are dismissed as unexhausted.

## MOTION TO DISMISS

Defendants do not argue that the legal publication claim, or the legal box claim are unexhausted; rather, they contend that they fail to state a claim.

### Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). "A plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above

6

the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59, 574. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in orginal).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id.* (discussing Fed. R. Evid. 201(b)).

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55.

The deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). However, isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (no claim where letter from prisoner's attorney opened out of prisoner's presence in single instance).

Regulations limiting prisoners' access to publications or other information are valid only if they are reasonably related to legitimate penological interests. *See Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) (citing *Turner*, 482 U.S. at 89). The test is the same regardless of whether inmates solicit the communication from the publisher, or the publisher distributes a publication to inmates who have not requested it. *Crime & Justice America v. Honea*, 876 F.3d 966, 975 (9th Cir. 2017).

**Analysis**

**Legal Box**

In the amended complaint, plaintiff alleges that on August 18, 2018, his appellate attorney mailed a box of legal documents regarding a 16-year-old conviction, that was improperly denied and returned to the sender. Am. Compl. at 6-8. Plaintiff states that he is missing vital legal documents for his appeals and has suffered legal injuries as a result. *Id.* at 8. Exhibits attached to the amended complaint indicate that the legal box was improperly labeled and received by the prison's reception and release unit, not the mailroom. *Id.* at 20-22. Plaintiff was advised to have his appellate attorney resend the box. *Id.*

To state a claim, plaintiff must demonstrate that he suffered an actual injury while challenging his conviction. *Lewis*, at 349-51. Plaintiff has failed to present sufficient allegations in the amended complaint to show any injury as a result of not receiving his legal box. The legal box was returned to plaintiff's appellate attorney in August 2018. From 2019 to 2020, plaintiff was pursuing relief in state court to strike a five-year sentencing enhancement. Docket No. 24 at 1-8.[3] On May 28, 2020, the state court granted plaintiff relief and struck the five-year enhancement. *Id.* at 8. In addition, to plaintiff not showing any injury, his challenge to the conviction during the relevant time period was successful.

---

[3] Defendant's request for judicial notice is granted and the court takes judicial notice of the relevant state court records. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007).

Furthermore, the exhibits attached to the complaint indicate that the legal box was not received by the named defendants in the mailroom but was returned by other prison staff. Plaintiff has failed to adequately describe the personal involvement of the named defendants. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

Finally, defendants note that plaintiff was advised to have his attorney resend the legal box. This shows that this incident appeared to be an isolated mistake. Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts do not give rise to a constitutional violation. *See Smith*, 899 F.2d at 944.

For all of these reasons, defendants' motion to dismiss this claim is granted. However, plaintiff will be provided an opportunity to amend and he may file a second amended complaint.[4] Plaintiff should address all of the deficiencies noted above in a second amended complaint. A second amended complaint must only address the existing claims.

**Legal Publications**

Plaintiff alleges that defendant Villarreal violated his rights on at least two occasions to receive letters and magazines from the Human Rights Defense News Agency which is a branch of Prison Legal News. Am. Compl. at 10. Plaintiff states that defendants Hood, Hallock, Parry and Short knew that this "was protected speech, and conduct". *Id*. There are no specific allegations that defendants Hood, Hallock, Parry and Short took any affirmative actions to deny access to the legal publications. Exhibits attached to the amended complaint indicate that a March 2018 issue of Prison Legal

---

[4] With respect to this motion to dismiss, the court does not consider new allegations in plaintiff's opposition regarding these claims. New allegations should be included in a second amended complaint.

9

News was not delivered to plaintiff because it did not contain his housing information. Am. Compl. at 33.

Defendants argue in the motion to dismiss that plaintiff has failed to state a claim against Hood, Hallock, Parry and Short.[5] Defendants contend that plaintiff failed to present any allegations that these defendants did any anything affirmative to deny him access to the publications. The motion to dismiss these defendants is granted.

Plaintiff failed to present enough facts to state a claim for relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In the amended complaint, plaintiff failed to present sufficient allegations to show that these defendants were involved in the violation of his rights. Plaintiff will be provided an opportunity to amend to present additional allegations linking these defendants to the alleged constitutional violation. Plaintiff is again informed that he should present the additional allegations from his opposition in a second amended complaint. To the extent that the only involvement of these defendants was denying inmate appeals, plaintiff is informed that there is no constitutional right to a prison administrative appeal or grievance system to continue with such a claim. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). A second amended complaint must only address the existing claims.

## MOTION TO COMPEL

Defendants have also filed a motion to compel plaintiff to respond to their discovery requests. Defendants served plaintiff with discovery requests on April 20, 2020. Motion to Compel ("MTC") (Docket No. 37); Desta Decl. Exs. A-C. On April 27, 2020, plaintiff filed a motion and among several issues, sought a 90-day extension to

---

[5] There are no arguments that the allegations against defendant Villareal should be dismissed.

10

respond to defendants' discovery requests. Docket No. 18. Defendants had not received any responses from plaintiff and after plaintiff failed to respond to an October 5, 2020, meet and confer letter, defendants filed this motion to compel on November 5, 2020. MTC, Desta Decl. ¶ 3, Ex. D; Docket No. 36. Defendants seek the court to compel plaintiff to provide responses to their interrogatories and requests for documents and to deem admitted their requests for admissions because plaintiff failed to respond.

Plaintiff filed an opposition and states that he responded to the April 20, 2020, discovery requests within 30 days. Opposition (Docket No. 40) at 2. Plaintiff provides very little support to his contention that he provided discovery responses to defendants. He also states that he sent all original documents to defendants. Opposition at 2. It is also troubling that around the same time plaintiff now states he was responding to the discovery requests he also filed a motion with the court seeking a 90-day extension to respond to discovery due to prison restrictions.

Defendants motion to compel is granted in part. The court has reviewed the discovery requests and they are not overly burdensome and are properly tailored to the claims in this case. Plaintiff shall respond to defendants' discovery requests by February 1, 2021. Because two of the claims have been dismissed as unexhausted, plaintiff must answer defendants' discovery requests as they pertain to the claim regarding the box of legal materials and the claim regarding the legal publications from the Human Rights Defense News Agency which is a branch of Prison Legal News. Many of the discovery requests do not involve documents, so plaintiff will only need to obtain prison records for a few requests.

## MOTION TO APPOINT COUNSEL

Plaintiff has also filed a motion to appoint counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, see 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v.*

*United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. The motion is denied.

**CONCLUSION**

1. For the reasons set forth above, the motion for summary judgment and motion to dismiss (Docket No. 24) are **GRANTED**. Plaintiff's unexhausted claims are dismissed without prejudice to refiling after they have been exhausted. Defendants Kuzmicz, Reynolds and Thompson are **DISMISSED** from this case.

2. The remaining claims are **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **February 1, 2021**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference; thus, plaintiff should also include the allegations against defendant Villareal. Failure to file a second amended complaint will result in this action only continuing against defendant Villareal. A second amended complaint must only address the existing exhausted claims that remain. No additional claims or parties may be added without leave of court or consent of all defendants. The court will screen a second amended complaint, if one is filed.

3. The motion to compel (Docket No. 36) is **GRANTED** in part as set forth above. Plaintiff shall respond to defendants' discovery requests as stated above, by **February 1, 2021**. The clerk shall **SEND** plaintiff a copy of the discovery requests. Docket No. 37,

Exs. A-C.

4. Plaintiff's motions for judicial notice are **DENIED** as meritless.

5. Plaintiff's motion to appoint counsel (Docket No. 44) is **DENIED**.

6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 22, 2020

       */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge